IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) | CASE NO. 5:18-cr-00094-2 |
| Plaintiff, | ) | |
| vs. | ) ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| AUDREY J. GIBSON | ) ) | MOTION FOR RELEASE OF |
| Defendant. | ) | DEFENDANT PENDING SENTENCE |

Now comes the Defendant, by and through counsel, and hereby respectfully requests an order from this Honorable Court granting the release of the Defendant while awaiting sentencing in this matter.

On February 21, 2018 the Defendant waived her right to a detention hearing before Magistrate Judge Limbert. This matter proceeded and involved multiple co-defendants. The Defendant entered a plea before this Honorable Court on September 25, 2018. The Defendant has not been sentenced yet and the Defendant has a sentencing date of April 23, 2020. The Defendant has been detained in the Mahoning County Jail since her date of arrest of February 8, 2018.

The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal. FED. R. CRIM. P. 46(c). Pursuant to 18 U.S. Code § 3143, the Defendant now makes this request. 18 U.S. Code § 3143 provides in pertinent part as follows:

> **(a) RELEASE OR DETENTION PENDING SENTENCE.—**
> **(1)** Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

  **(2)** The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless—
    **(A)**
      **(i)** the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
      **(ii)** an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
    **(B)** the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

  The Defendant may be released if she meets the conditions of release set forth in Section 3143(a)(2) or 18 U.S.C. § 3145(c). Release of a person who has been found guilty of an offense and is awaiting imposition or execution of sentence requires that the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community. 18 U.S.C. § 3143(a)(2)(B). Defendant acknowledges that there is a presumption against release pending sentencing. Federal Rule of Criminal Procedure 46(c) and Section 3143(a)(1) impose a burden on a convicted defendant seeking release pending sentencing to show by clear and convincing evidence that she or he is not a flight risk or a danger to the community. 18 U.S.C. § 3143(a)(1); FED. R. CRIM. P. 46(c).

  18 U.S.C. § 3145(c) provides that a person subject to detention may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate. Section 3145(c) provides for release under "exceptional circumstances," so long as a Defendant also makes the required showing under Section 3143(a)(1) and 3143(a)(2)(B) – that is, by clear and convincing evidence that Defendant is not likely to flee or pose a danger to the safety of any other person or the community if released under 18 U.S.C. § 3142(b) or 3142(c) pending sentencing. *United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir. 1991).

The "exceptional reasons" provision was added to § 3145(c) with the mandatory detention provisions of § 3143(a)(2) and (b)(2) and was apparently designed to provide an avenue for exceptional discretionary relief from those provisions." *Carr*, 947 F.2d at 1240. "Exceptional reasons" has been defined as "a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). Further, situations that are 'clearly out of the ordinary, uncommon, or rare'" have been identified as exceptional reasons. *United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007).

The Defendant maintains that COVID-19 falls squarely within the exceptional reasons provisions. Coronavirus disease 2019 (COVID-19) I is unique and out of the ordinary. It is a respiratory illness that can spread from person to person. The virus that causes COVID-19 is a novel coronavirus that was first identified during an investigation into an outbreak in Wuhan, China. The virus that causes COVID-19 is now spreading from person to person. The virus is thought to spread mainly between people who are in close contact with one another (within about 6 feet). There are 433 inmates in the Mahoning County Jail, 99 of which are females that are housed in 2 pods that are housed on the same floor of the jail. The constant admission of ne inmates, the special proximities of the inmates and number of inmates embraces a serious threat of contracting COVID-19. As such, the Defendant argues that the instant situation is an exceptional reason.

Defendant requests a hearing on this motion.

Respectfully submitted,

/s/ Erik E. Jones
Erik E. Jones, Esq. (0075418)
137 South Main Street, Suite 102
The Delaware Building
Akron, Ohio 44308
Phone  (234) 208-5020
Fax     (234) 205-2687

*Attorney for Audrey Gibson*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of March, 2020, a copy of the Motion filed electronically, Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

/s/ Erik E. Jones
Erik E. Jones (0075418)
*Attorney for Audrey Gibson*